UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN ISAACSON,<br><br>               Plaintiff,<br>   v.<br><br>MARCIA FUDGE, et al.,<br><br>               Defendants. | CASE NO. 2:24-cv-00088-TL<br><br>ORDER OF DISMISSAL |

Plaintiff Karen Isaacson filed this suit *pro se* (without legal counsel) to challenge the constitutionality and administrative appropriateness of a United States Department of Housing and Urban Development ("HUD") rule that has kept her from securing a reverse mortgage on a piece of real property that she owns. This matter is before the Court on its own motion and on Ms. Isaacson's Motion to Amend her Complaint (Dkt. No. 12). For reasons discussed in this Order, the Court DISMISSES this case WITH PREJUDICE and DENIES the motion to amend as MOOT.

ORDER OF DISMISSAL - 1

# I. BACKGROUND

On January 17, 2024, Ms. Isaacson filed an application to proceed *in forma pauperis* ("IFP," Dkt. No. 1), which was granted by the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 6), and her proposed Complaint was filed on the docket (Dkt. No. 7). On February 22, Ms. Isaacson filed an affidavit of service attesting that service of process documents were mailed to Defendants Marcia L Fudge and HUD.[1] Dkt. No. 9. On March 14, Ms. Isaacson filed a motion requesting leave to amend her complaint (Dkt. No. 12), which included an attached proposed Amended Complaint (Dkt. No. 12-1).

This is Ms. Isaacson's sixth attempt to assert these same claims in this district.[2] *See Isaacson v. Sec'y of Hous. & Urban Dev.*, No. C16-1254, Dkt. No. 26 (dismissed for lack of standing without leave to amend because amendment would be futile); *Isaacson v. Sec'y of Hous. & Urban Dev.*, No. C17-1449, Dkt. No. 23 (same); *Isaacson v. Carson, et al.*, No. C19-2059, Dkt. No. 8 (dismissed as frivolous on the same grounds and warned that future duplicative lawsuits may be dismissed with prejudice); *Isaacson v. Carson* ("*Carson* II"), No. C20-0588 (dismissed with prejudice as frivolous on the same grounds and warned that continuing to file duplicative lawsuits could result in a pre-filing bar order); *Isaacson v. Fudge et al.* ("*Fudge* I"), No. C23-0351 (dismissed for lack of Article III standing). Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A constitutional prerequisite to asserting jurisdiction in federal court are allegations that establish the following elements of Article III standing: (1) the plaintiff

---

[1] Ms. Isaacson's attempted service is deficient as there is no indication that Plaintiff has served, or attempted to serve, the United States via the U.S. Attorney General and the U.S. Attorney of this district as required. Fed. R. Civ. P. 4(i). Nonetheless, because the case is dismissed on other grounds, the Court need not address this procedural deficiency.

[2] The Court generally takes judicial notice of all filings in the cases referenced in this Order pursuant to Federal Rule of Evidence 201(b)(2).

has suffered an injury in fact, (2) there is a causal connection between the injury and the defendants' conduct, and (3) the injury will likely be redressed by a favorable decision from the Court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). In every previous attempt, Ms. Isaacson has failed to show that she has standing to proceed.

Here, Ms. Isaacson asserts that she would like to take out a reverse mortgage on a manufactured home that she owns but has become aware of a HUD rule that precludes her from being able to secure such a loan. Dkt. No. 7 at 2–4 (¶¶ 1–17). Her remaining allegations generally include her beliefs and feelings about how she has been legally wronged by HUD's rule and various other legal conclusions (*see generally id.*), which are not sufficient to support a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (concluding that a complaint requires "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

What little concrete facts she asserts are essentially the exact same factual allegations that she has made in each of her previous lawsuits. *See, e.g.*, *Carson* II, No. C20-0588, Dkt. No. 5 ¶¶ 23–26. In every case, the Court has described the legal requirements for asserting Article III standing, explained that standing is a prerequisite for the Court to assert jurisdiction over the matter, analyzed Ms. Isaacson's properly asserted factual allegations, and concluded that she fails to meet the standing test for the claims she is attempting to assert. *See, e.g.*, *id.*, Dkt. No. 8 at 3–4. Additionally, Ms. Isaacson has been warned that her capacity to file IFP cases in this Court may be curtailed if she continues to file "repetitive and frivolous lawsuits." *See id.* at 4–5.

## II. LEGAL STANDARD

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the action "is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i); *see also*

*Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

Civil litigants are legally barred from reasserting claims that have previously been decided on the merits by the doctrine of res judicata. *See, e.g.*, *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005). "Res judicata applies when the earlier suit: (1) reached a final judgment on the merits; (2) involved the same cause of action or claim; and (3) involved identical parties or privies." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006). Relatedly, res judicata "bar(s) all grounds for recovery which could have been asserted, whether they were or not." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). Thus, all potential claims that could "arise out of the same transactional nucleus of facts" are barred going forward. *Id.* (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).

### III. DISCUSSION

Ms. Isaacson's complaint must be dismissed as frivolous since her claims have no basis in law because they are barred by res judicata. In *Carson* II, Ms. Isaacson's most recent attempt to proceed as an IFP litigant,[3] her case was dismissed *with prejudice*. No. C20-0588, Dkt. No. 8 at 4. For purposes of res judicata, "a dismissal with prejudice is a determination on the merits." *Leon*, 464 F.3d at 962. The claims she raises in the instant action were also raised in *Carson* II, namely an alleged *Bivins* civil rights action claiming due process violations under the Fifth Amendment and violations of the Administrative Procedure Act ("APA"). *Compare* Dkt. No. 7

---

[3] Ms. Isaacson has since filed another duplicative case that did not survive a motion to dismiss for essentially the same reasons, but in that case she did not seek IFP status (*see Fudge* I, No. C23-0351, Dkt. Nos. 1, 21), so the pre-service review required by 28 U.S.C. § 1915 did not apply as it does in this case and in *Carson* II.

at 1 (¶ 1), 8 (¶ 27), and 9 (¶ 38) *with Carson* II, No. C20-0588, Dkt. No. 5 ¶¶ 1, 119–24, 184–94. And as previously noted, the claims appear to arise from the same set of operative facts and conclusory allegations of injury. *Supra* at 3. Finally, this case involves identical parties or parties-in-privity. Obviously, she is the same plaintiff, and she has again named HUD as a defendant. Although the individually named defendants have changed, in each case she has named the relevant currently-appointed Secretary of HUD, either Ben Carson or Marcia Fudge, who stand in privity with each other for res judicata purposes. *See Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (holding that when "two actions name different federal defendants, '[t]here is privity between officers of the same government . . . in relitigation of the same issue between that party and another officer of the government'") (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940))).

      Generally, "[a] district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)) (district court erred by failing to explain deficiencies of a *pro se* prisoner civil rights complaint and dismissing without leave to amend). In her pending motion to amend, Ms. Isaacson appears to admit that her proposed additional paragraphs do not include additional factual allegations but instead are intended to express her "deep sense of betrayal and the feeling [she's] had [her] property wrongfully seized." Dkt. No. 12 at 2. In any event, upon review, the Court finds that her proposed amendments would not save her claims from being legally barred. Additionally, Ms. Isaacson has previously had five different opportunities to present a set of facts to establish standing, and here, instead of providing new or different facts, she has again attempted to pursue the same unsuccessful

allegations. The Court can only conclude that no set of facts exist from which Ms. Isaacson would be able to state a plausible claim over which this Court may assert jurisdiction.

To be clear, Ms. Isaacson is legally barred from asserting any claims, now and in the future, arising from these same factual allegations regarding her realization that the HUD rule discourages lenders from approving her property for a reverse mortgage. Previously, in addition to the duplicative *Bivens* civil rights and APA claims that she asserts here, Ms. Isaacson has attempted to raise other claims, including various tort claims and claims for equitable relief. *See, e.g.*, S*ec'y of Hous. & Urban Dev.*, No. C17-1449, Dkt. No. 5 (duplicative complaint including claims for tortious interference and equitable estoppel); *Carson* II, No. C20-0588, Dkt. No. 5 (duplicative complaint including claims for willful conduct, intentional infliction of emotional distress, and violation of the National Housing Act, 12 U.S.C. § 1703). Regardless of how the claim is presented or what legal theory Ms. Isaacson wishes to pursue, at this point she has had more than her fair share of attempts at seeking redress for her perceived harm. She is barred from raising any claims that could possibly "arise out of the same transactional nucleus of facts" going forward. *Costantini*, 681 F.2d at 1201 (quoting *Harris*, 621 F.2d at 343).

### IV.   Conclusion

Consequently, the Court DENIES Ms. Isaacson's motion to amend (Dkt. No. 12) as MOOT and DISMISSES her complaint WITH PREJUDICE. This is Ms. Isaacson's final warning. Any further attempt to pursue the same claims without asserting a different set of facts sufficient to establish Article III standing may result in the entry of a pre-filing bar order against Ms. Isaacson.

Dated this 18th day of April 2024.

Tana Lin
United States District Judge