UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN ISAACSON,<br><br>                        Plaintiff,<br>       v.<br><br>MARCIA FUDGE, et al.,<br><br>                        Defendants. | CASE NO. 2:24-cv-00088-TL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the Court on pro se Plaintiff Karen M. Isaacson's Motion for Reconsideration (Dkt. No. 16) asking the Court to revisit its Order of Dismissal (Dkt. No. 14) and Judgment (Dkt. No. 15) dismissing this case with prejudice. Having reviewed Plaintiff's motion and the relevant record, and being fully advised on the matter, the Court DENIES the motion for reconsideration. This case remains dismissed with prejudice.

As noted in the Court's Order of Dismissal, Ms. Isaacson has attempted to pursue the claims raised in this case five other times in this district. *See* Dkt. No. 14 at 2 (listing previous cases filed by Plaintiff in the Western District of Washington). In each of her previous cases, it

1  was determined that the facts presented by Ms. Isaacson failed to establish the required elements
2  to assert Article III standing. *Id.* at 2–3. In at least one of the prior cases, the Court acknowledged
3  her seeming inability to present a set of facts sufficient to assert standing, warned her that her
4  repeated attempts to pursue her claims on the same factual bases were frivolous and could result
5  in a pre-filing bar order, and dismissed her claims with prejudice. *Id.* at 4–5 (citing *Isaacson v.*
6  *Carson*, No. C20-0588, Dkt. No. 8 at 4). The instant case was then dismissed as barred by the
7  doctrine of res judicata because Ms. Isaacson sought the same relief, based on the same set of
8  facts, against the same defendants that had previously been dismissed with prejudice. *Id.* at 4–6.
9  Ms. Isaacson now asks the Court to "revisit its decision to permanently bar [her] from seeking
10 legal redress and [] commence an in-depth review of 24 CFR 203.43f(d)(iii)." Dkt. No. 16 at 11.

11        The Court construes Ms. Isaacson's request for reconsideration as a motion to alter or
12 amend its final judgment under Federal Rule of Civil Procedure 59(e). *See McDowell v.*
13 *Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) ("[T]he district court
14 enjoys considerable discretion in granting or denying [a Rule 59(e)] motion." (quoting
15 11 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995))). "[T]he
16 rule offers an extraordinary remedy [that is] to be used sparingly in the interests of finality and
17 conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)
18 (internal quotation and citation omitted). The Court will change its judgment only: (1) to correct
19 "manifest errors of law or fact" on which the judgment rests, (2) when presented with newly
20 discovered or previously unavailable evidence, (3) to prevent manifest injustice, or (4) due to "an
21 intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir.
22 2011).[1]

23 ───────────────

24 [1] Ms. Isaacson's motion could alternatively be construed as arising under Rule 60(b), which allows for relief from a final judgment or order on six enumerated grounds: "(1) mistake, inadvertence, surprise, or excusable neglect;

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Ms. Isaacson does not specify the grounds upon which she seeks reconsideration of the Court's judgment. None of Ms. Issacson's cited authority appears to represent an intervening change in controlling law, nor does she specifically identify any newly discovered or previously unavailable evidence that she would not have been able to present in her original pleadings. *See* Dkt. No. 16 at 1–11.[2] Thus, the Court understands her motion to rest on an implication that the Court's judgment is based on a manifest error or would work a manifest injustice.

Ms. Isaacson does not identify any specific statement of law or fact in the Court's Order of Dismissal to which she assigns error. *Id.* Instead, she appears to simply reargue the merits of her claims. *Id.* Rule 59 is not intended to allow a litigant "a second bite at the apple." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1118 (W.D. Wash. 2010); *see also Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Ms. Isaacson's implied manifest injustice argument also fails because she had five other opportunities to correct the pleading deficiencies that lead to the Court's dismissal but failed to do so. *See* Dkt. No. 14 at 2–3. "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28

---

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered [sooner] . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). As there is considerable overlap in the grounds upon which relief may be granted, and the additional grounds provided by Rule 60—namely grounds (3)–(5)—are not at issue in this case, the Court will proceed under its broad discretionary power to alter or amend its judgment pursuant to Rule 59(e).

[2] Ms. Isaacson's motion is also procedurally deficient, as she fails to certify the number of words used in the brief and appears to exceed the 2,100-word limit (or roughly six typewritten pages) allowed for motions for reconsideration per this district's Local Civil Rules. *See* LCR 7(e)(1), (6). Because Ms. Isaacson is proceeding pro se, and because the Court finds that her motion fails on the merits, the Court need not address her procedural deficiencies.

F.4th 973, 978 (9th Cir. 2022) (internal citations omitted). The Court cannot "supply essential elements of the claim that were not initially pled." *E.g., Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

The Court assures Ms. Isaacson that she has not said anything to cause offense. Dkt. No. 16 at 11. Nor does the Court intend to convey a "tone … of overt hostility." *Id.* Rather, the Court has done its best to lay out in its Orders the facts regarding this case, the relevant facts and legal analyses from Ms. Isaacson's other cases regarding her attempts to secure a reverse mortgage, and the Court's determination based on its application of the law. To the extent Ms. Isaacson still takes issue with the Court's judgment, she may appeal the Court's ruling to the Ninth Circuit Court of Appeals.[3]

Consequently, the Court denies Plaintiff's motion for reconsideration. Dkt. No. 16.

Dated this 7th day of May 2024.

Tana Lin
United States District Judge

---

[3] Pursuant to the Federal Rules of Appellate Procedure, because her Rule 59 motion to reconsider was filed within the 28-day deadline for such motions, the 30-day deadline for Ms. Isaacson to file a notice of appeal in this case will restart from the date this Order is entered. Fed. R. App. P. 4(a)(4)(A).